UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JERRELL PUGH,

           Plaintiff,

     v.                                                       Case No. 21-C-1178

CITY OF GREEN BAY POLICE DEPARTMENT
and SGT. ROBBY HOCK,

           Defendants.

## SCREENING ORDER

      Jerrell Pugh, who is representing himself, filed this civil rights action while confined at the Brown County Jail. The defendants include Sgt. Robby Hock, the City of Green Bay Police officer who arrested him, and the Green Bay Police Department (GBPD). The case is before the Court on Pugh's motion for leave to proceed without prepaying the full filing fee, motion to order Defendants to respond to interrogatories, and to screen the complaint.

### MOTION TO PROCEED WITHOUT PREPAYING THE FILING FEE

      Pugh has requested leave to proceed without prepaying the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. §1915(b)(1). Pugh has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. §1915(a)(2), and has been assessed and paid an initial partial filing fee of $10.60. Pugh's motion for leave to proceed without prepaying the filing fee will be granted.

## SCREENING OF THE COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity and dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555 (internal quotations omitted).

## ALLEGATIONS OF THE COMPLAINT

According to Pugh's complaint, on July 23, 2021, Ashli Costello, a woman with whom he works at American Food Group, stated to Sgt. Hock of the GBPD that Pugh, who was staying in her home, had a gun. Dkt. No. 1 at 5. Pugh admits in his complaint that he is a felon, that a gun was found in a safe in the house, and that he was placed under arrest for possession of a firearm by a felon. *Id.* Pugh does not claim that his arrest was illegal. He does not dispute that Sgt. Hock had probable cause to believe he committed the crime of possession of a firearm by a felon. Instead, his claim is that because Costello is also a felon, she should have been arrested as well. Pugh alleges that probable cause existed to arrest Costello as well as him because "Ashli knew I had a gun and let me stay in her home with the gun." *Id.* at 7. Pugh claims that Sgt. Hock "made an exception in the favor of a white female to keep her freedom but for a black male to lose his." *Id.* Based on these allegations, Pugh seeks damages of $666,000. *Id.*

## THE COURT'S ANALYSIS

"To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that he or she was deprived of a right secured by the Constitution or the laws of the United States, and that this deprivation occurred at the hands of a person or persons acting under the color of state law." *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). Pugh's allegations invoke his rights under the Equal Protection Clause of the Fourteenth Amendment. "Racial profiling, or selective enforcement of the law, is a violation of the Equal Protection Clause." *Sow v. Fortville Police Dep't.*, 636 F.3d 293, 303 (7th Cir. 2011) (citing *Chavez v. Ill. State Police*, 251 F.3d 612, 635 (7th Cir. 2001)). "Selective enforcement occurs when police investigate people of one race but not similarly-situated people of a different race." *Conley v. United States*, 5 F.4th 781, 789 (7th

Cir. 2021). "To show a violation of the Equal Protection Clause, plaintiffs must prove that the defendants' actions had a discriminatory effect and were motivated by a discriminatory purpose." *Chavez*, 251 F.3d at 635-36. The plaintiff must allege that he is a member of a protected class, that he is otherwise similarly situated to members of the unprotected class, and that he was treated differently from members of the unprotected class. *Id.* at 636.

Pugh has alleged that he is a member of a protected class, but he has failed to allege facts to show that he is similarly situated to Costello, who is not a member of the same protected class. To the contrary, the facts alleged demonstrate that Costello was not similarly situated. Pugh alleges that Costello was similarly situated since she, as a lessor of the apartment, was also in possession of the firearm. The mere fact that that gun was found in her apartment, however, does not mean that Costello was in possession of it. Possession, under Wisconsin law, includes both actual and constructive possession. *State v. Peete*, 185 Wis. 2d 4, 15, 517 N.W.2d 149 (1999). A person is in possession of an item if the item is in that person's "actual physical control." *Id.* at 16. An item is in the constructive possession of a person, on the other hand, when the item "is in an area over which the person has control and the person intends to exercise control over the item." *Id.* (quoting WIS JI-Criminal 920).

It is clear from the allegations of Pugh's complaint and his written comments on the criminal complaint he submitted into evidence (Dkt. No. 8) that he was the person in possession of the gun, and that Costello was not. He explicitly states that "Ashli knew I had a gun and let me stay in her home." Dkt. No. 1 at 7. There is no allegation that Costello ever took possession of the gun, exercised control over it, or intended to do so. The mere fact that Pugh was in possession of a gun while in her home does not give rise to probable cause that Costello possessed it. From

4

the facts alleged, it is thus clear that Pugh and Costello were not similarly situated. Pugh's equal protection claim therefore fails.

That Pugh is unable to state an equal protection claim becomes even more apparent if one considers his supplemental filing, which includes a copy of the state criminal complaint charging him with possession of a firearm by a felon, along with his comments on the allegations. The criminal complaint alleges, and Pugh does not dispute, that Costello explained that she wanted Pugh out of her home because she knew he had a gun and was worried she would get into trouble if he remained. Dkt. No. 8-1 at 2. The complaint also alleges, and again Pugh does not dispute, that the gun was found in a safe that belonged to Pugh and that it was opened with his consent after he told the officers where they would find the key. *Id.* These additional facts, which Pugh has offered to supplement his complaint, make clear that he has no equal protection claim and thus there is no reason to allow leave to amend. And because his claim against Sgt. Hock fails, his claim against the GBPD, or more accurately, the City of Green Bay, necessarily fails as well.

Lastly, Pugh has filed a motion for an order directing Hock and Officer Karen Peneda to respond to interrogatories. Dkt. No. 7. Because the Court has determined that Pugh has failed to state a claim, his motion will be denied as moot.

In sum, Pugh has provided no arguable basis for relief, having failed to make any rational argument in law or fact to support his claims. *See House v. Belford*, 956 F.2d 711, 720 (7th Cir. 1992) (quoting *Williams v. Faulkner*, 837 F.2d 304, 308 (7th Cir. 1988), *aff'd sub nom. Neitzke v. Williams*, 490 U.S. 319 (1989)).

**IT IS THEREFORE ORDERED** that Pugh's motion for leave to proceed *in forma pauperis* (Dkt. No. 3) is **GRANTED**.

5

**IT IS FURTHER ORDERED** that Pugh's motion for order directing Defendants to respond to interrogatories (Dkt. No. 7) is **DENIED as moot**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. §§1915(e)(2)(B) and 1915A(b)(1) **for failure to state a claim**.

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has incurred a "strike" under 28 U.S.C. §1915(g).

**IT IS FURTHER ORDERED** that Pugh must pay the $339.40 balance of the filing fee over time as he is able. His payments shall be clearly identified by the case name and number assigned to this action. Pugh may mail his payments to the Clerk's Office at Office of the Clerk, United States District Court, Eastern District of Wisconsin, 125 S. Jefferson Street, Suite 102, Green Bay, Wisconsin 54301.

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

**I FURTHER CERTIFY** that any appeal from this matter would not be taken in good faith pursuant to 28 U.S.C. §1915(a)(3) unless Pugh offers bona fide arguments supporting his appeal.

Dated at Green Bay, Wisconsin this 28th day of December, 2021.

s/ William C. Griesbach  
William C. Griesbach  
United States District Judge

This order and the judgment to follow are final.  Plaintiff may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **30 days** of the entry of judgment.  *See* Fed. R. App. P. 3, 4.  This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline.  *See* Fed. R. App. P. 4(a)(5)(A).  If Plaintiff appeals, he will be liable for the $505.00 appellate filing fee regardless of the appeal's outcome.  If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this Court.  *See* Fed. R. App. P. 24(a)(1).  Plaintiff may be assessed another "strike" by the Court of Appeals if his appeal is found to be non-meritorious.  *See* 28 U.S.C. §1915(g).  If Plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serous physical injury.  *Id.*

Under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b).  Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment.  Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of judgment.  The Court cannot extend these deadlines.  *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.